# IN THE COURT OF APPEALS OF IOWA

No. 19-0271
Filed June 5, 2019

**IN THE INTEREST OF C.L. and C.L.,**
**Minor Children**

**C.L., Mother,**
　　Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

A mother appeals the termination of parental rights to her two children. **AFFIRMED.**

Susan R. Stockdale, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

Kayla Stratton, Des Moines, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**PER CURIAM.**

C.L. is the mother of two children, born in 2010 and 2012. In 2017, the State filed petitions alleging the children were children in need of assistance (CINA). Services were recommended and offered to the mother to address many issues. Although she participated in a psychosocial evaluation, she minimally participated in the case thereafter. Ultimately, the State proceeded to file petitions for termination of her parental rights. Following a contested hearing in 2019, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d) and (f) (2018).

The mother appeals. Our review is de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on paragraph (f), which requires the State to prove by clear and convincing evidence

> that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

*See* Iowa Code § 232.116(1)(f).

The mother does not dispute the State proved the first three elements; indeed, those elements are clear from the record. Both children are older than

four; they were removed from her care in June 2017, and they were adjudicated CINA in August 2017. Her only argument is that she "complied with [the] recommended services to the best of her ability so that the children could have been safely returned to her care." The record evidences otherwise.

In October 2017, after the mother had completed her psychosocial evaluation, the juvenile court in its disposition order directed the mother to participate in a psychiatric evaluation and follow any recommendations. At the August 2018 termination-of-parental-rights hearing, the mother had yet to complete the evaluation. Although she initially insisted she had participated in a psychiatric evaluation, the mother acknowledged she only had a psychosocial evaluation. She claimed later she did not know there was a difference between psychosocial and psychiatric evaluations.

The mother believed the psychosocial evaluator provided a different report to the court than the one the evaluator gave the mother. She maintained the evaluator only told her she had "PTSD from the abusive relationship [she] was in." She later testified the evaluator

> just said do ongoing therapy which then [she] had started, and then they were trying to put [her] on medication because [her] allegations were delusions. [She saw her] medical doctor [she had] been seeing for the last fifteen years, and he said that was ridiculous, [she] didn't need any medication . . . .

Asked again whether she had completed a psychological evaluation, the mother testified, "I worked in the building across from an office actually and did talk to him. He said I didn't need it, and my doctor said I didn't need any medication and I didn't have a psychiatric issue. . . . It was not necessary." The record was left open after the hearing for two weeks so that the mother could file proof that she received a

different report or that a doctor told her she did not need a psychiatric evaluation or medication. The mother did not file anything.

The psychosocial evaluation in the record explicitly states the evaluator believed the mother's "psychiatric status [was] her biggest obstacle in moving toward reunification with her children." The evaluator opined the mother's psychological test results "were clearly reflective of disturbed thinking, lack of impulse control, the need for control, and extreme anger. Entering therapy is recommended to help her work on restructuring her thinking and address her paranoia."

In addition to the psychosocial evaluation, the mother's behavior during the case supports the recommendation that she receive a psychiatric evaluation. It was reported the mother has threatened to harm the children's father and the children themselves. The psychosocial evaluator noted the mother had "made several veiled threats toward her [Iowa Department of Human Services] worker and her [service provider] during the interview." The mother also "vocalized her desire to retaliate against the children's father."

The record shows the mother did nothing to address her mental-health issues. Consequently, we agree with the juvenile court that the children could not have been returned to the mother's care at the time of the termination-of-parental-rights hearing. Because the State established by clear and convincing evidence the ground for termination in paragraph (f) of section 232.116(1), we affirm the

juvenile court's order terminating the mother's parental rights.[1]

**AFFIRMED.**

---

[1] We need not review any step of the three-step analysis the juvenile court must make in terminating a parent's parental rights if the step was not challenged by the parent on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010); *see also* Iowa Code § 232.116(1)-(3). Accordingly, we only address the mother's challenge of the grounds for termination found by the juvenile court.